UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Swafford,

    Plaintiff,

    v.                                          Case No. 1:12cv19

Commissioner of Social Security               Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's January 24, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 13.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c)  Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 14.)  Defendant filed a Response to the objections. (Doc. 15).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.  Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge found that the ALJ's RFC assessment is supported by substantial evidence; and (2) the Magistrate Judge found that the ALJ properly relied on the testimony of the vocational expert.

    A.    **RFC Assessment**

First, Plaintiff argues that his treating physician, Dr. Mital, found that his

impairments would cause frequent absences from work, yet the ALJ did not address his ability to sustain work.

Social Security Ruling 96–8P requires an ALJ to determine a claimant's RFC by examining "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."  1996 WL 374184, at *2 (July 2, 1996).  Certainly the ability to work on a regular and continuing basis would be effected by frequent absences due to medical appointments.  However, as the Magistrate Judge noted, evidence of frequent medical appointments alone is not enough.  Instead, there must be evidence such as a medical source opinion about the likelihood of absenteeism caused by the claimant's impairments and the need for treatment during working hours.  *See Robinson v. Astrue*, No. 1:10cv689, 2011 WL 6217436 (S.D. Ohio Dec. 14, 2011); *but see also Payne–Hoppe v. Comm'r of Soc. Sec.*, No. 1:11cv97, 2012 WL 395472 (S.D.Ohio Feb. 7, 2012) (remanding case where evidence included not only claimant's testimony that she could not work due to the amount of time required for bi-weekly injections to treat her chronic condition but also her physician's opinion that she was required to spend several hours in the clinic for each dose of injections).

Next, Plaintiff argues that while his treating physicians limited him to working in a dust-free environment, the ALJ only limited him to working in environments with concentrated exposure to dusts.  At the hearing, the Vocational Expert ("VE") testified that there was no such thing as a dust free environment because all environments have dust.  (Tr. 69).

A review of the medical records reveals that Dr. Bailey opined: "The patient would do best in a dust-free environment."  (Tr. 267).  On the form completed by Dr. Meraj, he

checked "avoid all exposure" to dust. (Tr. 518). However, as the Magistrate Judge explained, this comment need not be interpreted "as requiring that Plaintiff work only in a bubble." *Fields v. Comm'r of Soc. Sec.*, 1:08CV827, 2010 WL 753352 *11 (S.D. Ohio Mar. 4, 2010). Therefore, the RFC is a proper assessment of Plaintiff's remaining capacity for work once his limitations have been taken into account. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (citing 20 C.F.R. § 416.945).

Accordingly, Plaintiff's objection is OVERRULED.

### B. Testimony of the Vocational Expert

Plaintiff argues that the hypothetical question posed by the ALJ to the VE included a limitation that the job should not require concentrated exposure to cold, heat or fumes, noxious odors, dust or gases, but the jobs listed by the VE require frequent exposure to contaminants according to the descriptions in the Dictionary of Occupational Titles ("DOT"). Plaintiff explains that while this conflict between the DOT and the VE's testimony was not raised at the hearing, Plaintiff did raise the issue in a letter brief on October 12, 2011. (See Tr. 239-240).

Social Security Ruling 00–4p provides: "When there is an apparent unresolved conflict between VE or VS [Vocational Specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." However, the Court finds that any failure to address the conflict between the DOT and the VE's testimony was unnecessary because the jobs listed by the VE do not require frequent exposure to contaminants.

The jobs and their descriptions in the DOT are as follows:

> DICOT 920.687-030 (Bander, Hand) Wraps trademark band around cigars: Moistens or applies paste to tip end of band and presses ends of band together around cigars. Places banded cigars aside for further processing.
>
> DICOT 706.684-030 (Atomizer Assembler) Assembles component parts of perfume atomizers, such as stems, washers, springs, and plungers, using handtools: Screws completed atomizers onto empty glass containers and places them in boxes.
>
> DICOT 669.687-014 (Dowel Inspector) Inspects dowel pins for flaws, such as square ends, knots, or splits, and discards defective dowels.

In the corresponding listings in the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, each of these jobs show "Not Present - Activity or condition does not exist" under the category for Atmospheric Conditions, which is described as "[e]xposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin." Therefore, there was no conflict between the VE's testimony and the DOT.

Moreover, as the Magistrate Judge explained, SSR 00-4p clarifies that the DOT lists the maximum requirements for a position as it is generally performed, not the full range of requirements as it might be performed in specific settings. Therefore, the ALJ could reasonably rely on the VE's testimony that Plaintiff could perform those jobs identified by the VE.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 24, 2013 R&R (Doc. 13) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                      */s/ Michael R. Barrett*
                                  Michael R. Barrett, Judge
                                  United States District Court